IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD CACERES, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| | Civil Action |
| v. | No. 13-7091 (JBS) |
| UNITED STATES OF AMERICA, | [Crim. No. 11-798 (JBS)] |
| Respondent. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Petitioner Richard Caceres pleaded guilty on March 30, 2012 to one count of distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). On August 16, 2012, this Court sentenced Caceres as a career offender to a term of imprisonment of 151 months. Caceres now seeks to vacate, set aside and correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his counsel was ineffective for failing to object to his designation as a "career offender" at the time of sentencing and on appeal.

For the reasons explained below, the Court finds that Petitioner was properly characterized as a career offender and will deny the petition.

1.  On March 30, 2012, Petitioner Richard Caceres pleaded guilty to one count of distributing and possessing with intent

to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), a class C felony.

2.    The Presentence Investigation Report ("PSR") advised that Petitioner qualified as a career offender under the U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 4B1.1. The Guidelines provide that a defendant is a "career offender if (1) the defendant was at least eighteen year old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The PSR made this determination based on two predicate controlled substance offenses: a conviction for a 2001 charge for distribution of cocaine with intent to distribute within 1,000 feet of a school (PSR ¶ 81); and a conviction for a 2005 charge of conspiracy to possess with intent to distribute more than 100 grams of heroin (PSR ¶ 91).

3.    Under the Sentencing Guidelines, Petitioner's base offense level was calculated at 24. (PSR ¶ 68; U.S.S.G. § 2D1.1(c)(8).) The Court deemed Petitioner a career offender, which increased his offense level to 32, but three levels were subtracted for acceptance of responsibility, leaving a total

2

offense level of 29. (PSR ¶¶ 75-77; Amended Judgment, Statement
of Reasons; Aug. 16, 2012 Sentencing Tr. at 21.) Eight criminal
history points qualified Petitioner for Criminal History
Category IV, but Petitioner's career offender status increased
his criminal history category to Category VI. (See PSR ¶ 101;
Amended Judgment, Statement of Reasons; U.S.S.G. § 4B1.1(b) ("A
career offender's criminal history category in every case under
this subsection shall be Category VI").) With an offense level
of 29 and criminal history category of VI, the Guidelines
recommended a sentence range of 151 to 188 months. Without the
career offender status, Petitioner's sentence range – at an
offense level of 21 and a criminal history category of IV –
would have been 57 to 71 months. The Court sentenced Petitioner
to 151 months – the bottom of the advisory range. (Aug. 16, 2012
Sentencing Tr. 32-33.)

    4.    Petitioner appealed his sentence, arguing that he
should have been granted a downward departure because his
criminal history category overstated the seriousness of his
crimes and his likelihood of recidivism, and because he had
extraordinary family responsibilities for his children and sick
father. The Third Circuit denied his appeal in an opinion dated
August 2, 2013, holding that it did not have jurisdiction to
review this Court's discretionary decision to deny a motion to
depart. The Court also rejected Petitioner's argument that the

3

district court failed to adequately weigh the sentencing factors enumerated in 18 U.S.C. § 3553(a), and that the district court improperly and repeatedly referenced his unlawful entry in determining his sentence. United States v. Caceres, 533 Fed. App'x 80, 82-83 (3d Cir. 2013).

5.   Caceres filed this petition to vacate, set aside and correct his sentence on November 21, 2013. [Docket Item 1]. He makes a new argument not raised in his earlier appeal, namely, that he is not a career offender within the meaning of U.S.S.G. § 4B1.1(b)(3) because his present conviction did not mandate a sentence of imprisonment of over one year and thus does not constitute a "felony drug offense" for purposes of § 4B1.1(b)(3). (Pet. at 5.) Petitioner argues that his counsel was ineffective for failing to object to Petitioner's erroneous classification as a career offender at sentencing and on appeal. Pet. at 13, 17.) The Government contends that Petitioner was properly sentenced as a career offender because his present conviction exposed him to a 20-year term of incarceration.

6.   To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that (1) counsel's performance was so deficient as to deprive him of the representation guaranteed to him under the Sixth Amendment of the U.S. Constitution, and (2) the deficient performance prejudiced the defense by depriving the defendant of a fair

4

trial. <u>Chaidez v. United States</u>, 133 S. Ct. 1103, 1107 (2013);
<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To show
prejudice under <u>Strickland</u>, Petitioner must demonstrate that
there is a "reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have
been different." <u>Rainey v. Varner</u>, 603 F.3d 189, 197-98 (3d Cir.
2010) (quoting <u>Strickland</u>, 466 U.S. at 694).

　　　7.　　Three statutes are relevant here. Petitioner was
convicted in this case under 21 U.S.C. § 841(a)(1) and
(b)(1)(C). Section 841(b)(1)(C) provides that an individual
"shall be sentenced to a term of imprisonment of not more than
20 years . . . . If any person commits such a violation after a
prior conviction for a felony drug offense as become final, such
person shall be sentenced to a term of imprisonment of not more
than 30 years . . . ." The Court found that Petitioner's
conviction qualified him as a career offender. Under U.S.S.G.
§ 4B1.1(a), a defendant is a career offender if "(1) the
defendant was at least eighteen year old at the time the
defendant committed the instant offense of conviction; (2) the
instant offense of conviction is a felony that is either a crime
of violence or a controlled substance offense; and (3) the
defendant has at least two prior felony convictions of either a
crime of violence or a controlled substance offense." U.S.S.G.
§ 4B1.1(a). The term "controlled substance offense" is defined

in § 4B1.2(b) as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

8.    In this case, Caceres does not contest that two of the three requirements under § 4B1.1(a) were satisfied. He does not dispute that he was over eighteen when he committed the instant offense, or that his two prior controlled substance convictions, for distribution of cocaine with intent to distribute within 1,000 feet of a school and conspiracy to possess with intent to distribute more than 100 grams of heroin, qualified as predicate felony drug convictions for career offender status. He argues only that the third requirement has not been met, because his current conviction for distributing and possessing with intent to distribute cocaine is not "a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). He contends that a felony offense means an offense that mandates a sentence of more than one year imprisonment, and

> Section 841(b)(1)(C) carries 3 possible sentences, one of which is probation with no incarceration, and second is zero incarceration, and third is zero to twenty years. Where we find the option of a sentence of less than 1 year, no longer under federal definition can this

offense be used to trigger a 4B1.1(b)(3) enhancement as
in this case at hand.

(Pet. at 10; <u>see also</u> Pet. Reply [Docket Item 9] at 3 ("[A]
conviction under § 841(b)(1)(C) cannot be used to enhance a
defendant as a career offender because in order for a conviction
to trigger a § 4B1.1(a) enhancement the minimum sentence that
can be imposed must be 1 year 1 day").

9.  The Court rejects Petitioner's argument for several
reasons. First, a conviction under § 841(a)(1) carries with it
the possibility of a 20-year maximum term of imprisonment, which
qualifies the offense as a felony under 18 U.S.C. § 3559(a).
Section § 3559(a) states that "[a]n offense that is not
specifically classified by a letter grade in the section
defining it, is classified if the maximum term of imprisonment
authorized is -- . . . (2) twenty-five yaers or more, as a Class
B felony; (3) less than twenty-five years but ten or more years,
as a Class C felony; . . . ." 18 U.S.C. § 3559(a). Because
§ 841(b)(1)(C) specifically states that an individual "shall be
sentenced to a term of imprisonment of not more than 20 years,"
the offense is classified as a Class C felony under § 3559(a).

10.  The Third Circuit was confronted with a question
similar to the one raised here in <u>Guzman-Lopez v. Attorney</u>
<u>General of the U.S.</u>, 344 Fed. App'x 838 (3d Cir. 2009) – whether
21 U.S.C. § 841(a)(1) qualified as a felony under the Controlled

7

Substance Act. In that case, the petitioner was convicted of the
unlawful delivery of 105 grams of cocaine under a Pennsylvania
law, which was analogous to a conviction under § 841(a)(1). He
argued that the amount of cocaine he was convicted of delivering
would not necessarily be punishable as a felony because
§ 841(b)(1)(C) does not provide for a minimum sentence of at
least a year. 344 Fed. App'x at 839. The Third Circuit
disagreed, noting that 18 U.S.C. § 3559(a)(3) grades any offense
authorizing a maximum term of imprisonment of "less than twenty-
five years but ten or more years" as a Class C felony. The Court
concluded that because § 841(b)(1)(C) provides for a maximum
sentence of twenty years, "a violation of § 841(a) involving a
detectable amount of cocaine is a Class C felony." <u>Id.</u>; <u>see also
Crisostomo-Rodriguez v. Attorney General of the U.S.</u>, 354 Fed.
App'x 672, 675 n.4 (3d. Cir. 2009) (citing § 3559 and stating
that a conviction under § 841(a)(1) is a felony); <u>United States
v. Sanchez-Gonzalez</u>, 294 F. 3d 563, 565-66 (3d Cir. 2002)
(noting that a conviction under § 841(b)(1)(C) is a Class C
felony) (citing <u>United States v. Kelly</u>, 974 F.2d 22, 24-25 (5th
Cir. 1992) (per curiam).

11. Second, the definition of "controlled substance
offense" in U.S.S.G. § 4B1.2(b) plainly encompasses any offense
that permits a penalty of imprisonment over one year, even if no
minimum penalty is specified. U.S.S.G. § 4B1.2(b) (defining

"controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year . . . .") In United States v. Dotson, 513 Fed. App'x 221 (3d Cir. 2013), the Third Circuit examined whether a similar provision defining a "felony drug offense" included offenses that allowed for a penalty of less than one year. Like a "controlled substance offense," a "felony drug offense" is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country . . . ." 21 U.S.C. § 802(44) (emphasis added). See also Burgess v. United States, 553 U.S. 124, 130 (2008) (noting that "the term 'felony' is commonly defined to mean a crime punishable by imprisonment for more than one year."). The appellant argued that his prior drug conviction for possession of crack cocaine with intent to deliver did not qualify as a "felony drug offense" because he spent less than a year in prison on that conviction. 513 Fed. App'x at 223. The Third Circuit disagreed, noting that to qualify as a "felony drug offense," it was not necessary that the defendant actually be sentenced to a term of imprisonment of more than one year. "Rather, the . . . drug offense need only be punishable by more than a year of imprisonment." 513 Fed. App'x at 224. Even though the appellant served less than a year in prison, his conviction qualified as a "felony drug offense"

9

because the statute under which he was convicted carried with it a maximum penalty of up to ten years in prison. Id.

12.   Likewise, in this case, although § 4B1.2(b) does not specify a minimum penalty and a sentence of less than one year imprisonment may be imposed, it specifically allows a maximum penalty of up to 20 years in prison. Thus, Petitioner's conviction under this statute is "punishable by imprisonment for a term exceeding one year" and qualifies as a felony "controlled substance offense" under § 4B1.2(b).[1] See United States v. Burton, 564 Fed. App'x 1017, 1019 (11th Cir. 2014) ("Given that a [Florida Statute] § 893.13(a)(1) cocaine offense is a second

---

[1] The Court notes that Petitioner's offense would have resulted in a sentence of over one year even without the career offender status. Petitioner's base offense level was properly calculated at 24 because Petitioner distributed and possessed with intent to distribute 469.0 grams of cocaine. (PSR ¶ 68; U.S.S.G. § 2D1.1(c)(8) (2011) (at least 400 grams but less than 500 grams of cocaine).) Thus, even with a three point reduction for acceptance of responsibility, Petitioner's total offense level would have been 21. With a criminal history category of IV (without the career offender enhancement), the sentence range was 57 to 71 months' imprisonment under the Guidelines, which is well over one year. Cf. United States v. Brandon, 357 Fed. App'x 426, 428 (3d Cir. 2009) (rejecting appellant's argument that his prior drug conviction did not qualify as a "prior felony conviction" for career offender purposes since "the offense could in some instances be punished by less than one year," because there was sufficient factual basis to conclude that appellant was actually sentenced to a term of imprisonment exceeding one year). But see U.S.S.G. § 4B1.2 cmt. n.1 (2011) (defining "prior felony conviction" as a prior adult conviction "for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.").

degree felony that carries a fifteen-year maximum prison term
and a § 893.13(a)(1) cannabis offense is a third degree felony
that carries a five-year maximum prison term, these [] offenses
meet U.S.S.G. §  4B1.2(b)'s requirement that the state offense
be punishable by imprisonment for a term exceeding one year.").
Cf. Jones v. United States, No. 12-cv-4673, 2015 WL 892617, at
*3 (D.N.J. Mar. 2, 2015) (finding that, even though there was a
presumption against incarceration for first time offenders, New
Jersey statute for third-degree possession allowed for
imprisonment exceeding one year and therefore qualified as a
"felony drug offense" under 21 U.S.C. § 841(b)(1)(A)); Sosa v.
United States, No. 12-cv-1725, 2015 WL 631950, at *6 (D.N.J.
Feb. 12, 2015) (holding that because court remained free at all
times to sentence defendant to a prison term of up to five
years, defendant's conviction was "punishable by a term of
imprisonment exceeding one year").

13.  Finally, this Circuit has specifically held that a
conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(C) qualifies
as a "controlled substance offense" for purposes of career
offender status. In United States v. Brooks, 48 Fed. App'x 837
(3d Cir. 2002), the appellant, convicted under the same statute
as Petitioner, challenged the district court's determination
that he qualified as a career offender. The Third Circuit found
that the career offender enhancement applied, and noted that, in

11

addition to having two qualifying predicate felony convictions, the appellant's current conviction of possession with intent to distribute crack cocaine under § 841(a)(1) and (b)(1)(C) qualified as a controlled substance offense. 48 Fed. App'x at 842 ("Brooks was convicted in the District Court of a controlled substance offense, i.e. possession with intent to distribute crack cocaine.").

14. Petitioner's reliance on United States v. Hutchinson, 573 F.3d 1011 (10th Cir. 2009), for support is misplaced.[2] In that case, the Tenth Circuit held that the district court misinterpreted 21 U.S.C. § 841(b)(1)(C) when it found that the statute mandated a twenty-year statutory minimum because of the appellant's prior felony drug conviction. As noted above, § 841(b)(1)(C) provides for an increase in the statutory maximum sentence for a defendant with a prior felony drug conviction, but carries no statutory minimum. The circuit court reversed the appellant's sentence because of the district court's misreading of § 841(b)(1)(C). See 573 F.3d at 1031 ("The district court's conclusion that a twenty-year statutory minimum applied to these convictions [under § 841(b)(1)(C)] was therefore wrong."). Hutchinson is inapposite here, since this Court did not impose a

---

[2] Petitioner refers to this case as "Montoya v. U.S." throughout his brief, but the case is captioned as United States v. Hutchinson.

sentence based upon a misreading of § 841(b)(1)(C). <u>Hutchinson</u>
provides no support for Petitioner's position (contradicted by
the Third Circuit in <u>Brooks</u>) – that a conviction under
§ 841(b)(1)(C) does not qualify as a felony drug offense for
career offender purposes.

15.   The Court finds that Petitioner was properly sentenced
as a career offender under U.S.S.G. § 4B1.1(a). The Sentencing
Guidelines calculation on Petitioner's crime remains Offense
Level 29, Criminal History Category VI. Because Caceres' present
conviction properly qualifies as a "controlled substance
offense" and he was properly classified as a career offender,
Caceres cannot show that he suffered prejudice by any alleged
failures of his counsel at sentencing. <u>United States v. Dotson</u>,
513 Fed. App'x 221, 223-24 (3d Cir. 2013); <u>Arzola v. United
States</u>, No. 12-cv-3888, 2014 WL 3894258, at *8 (D.N.J. Aug. 8,
2014) (counsel not ineffective for failing to challenging the
qualification of prior conviction as a "felony drug offense"
because conviction for simple possession qualified as a "felony
drug offense" under 21 U.S.C. §§ 841(b)(1)(A)). For the same
reason, the Court also dispenses with Petitioner's separate
claim that appellate counsel was ineffective for failing to
appeal the Court's "illegal enhancement pursuant to U.S.S.G.
section 4B1.1 career offender." (Pet. at 17.) Having found the
career offender classification proper, appellate counsel was not

13

ineffective for failing to appeal that issue. Caceres' Petition is therefore denied. An accompanying Order will be entered.

16.   To the extent Petitioner contends that his erroneous classification as a career offender also violated due process and asserts his "actual innocence" due to the illegal enhancement, those arguments will be dismissed because, as explained above, the position Petitioner now advances is without legal merit. (Pet. at 12, 23.)

17.   Pursuant to 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy that standard, a petitioner must demonstrate that "'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Banks v. Dretke, 540 U.S. 668, 705 (2004) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). Here, jurists of reason could not disagree with the Court's resolution of Petitioner's claims. Under the standard recited above, the Court will deny a certificate of appealability.

**June 5, 2015**                         **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge